Pincelli, a Taxpayer, Appellee, *v.* The Ohio Bridge Corp. et al., Appellants.

[Cite as Pincelli v. Ohio Bridge Corp., 1 Ohio App. 2d 342.]

(No. 588—Decided January 18, 1965.)

*Messrs. Rowland, Bridgewater & Gray, Mr. John A. Jenkins* and *Messrs. Knepper, White, Richards & Miller,* for appellee.

*Mr. Samuel B. Erskine* and *Messrs. Stanley, Porter, Treffinger & Platt,* for appellant The Ohio Bridge Corporation.

*Mr. Homer B. Gall, Jr.,* prosecuting attorney, for appellants W. H. Wakefield and others as county officials.

BROWN, J. This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Athens County in favor of plaintiff, appellee herein, in a taxpayer's action. The decree appealed from permanently enjoined the defendants county officials, appellants herein, from paying, and the defendant appellant The Ohio Bridge Corporation from receiving payment for construction and repair of certain bridges in Athens County. From the record, it is apparent that others than the named parties are interested in the outcome of this litigation, to wit, the Ohio Contractors Association, the County Commissioners Association, and the Ohio Association of County Engineers.

In view of our decision in *Buckeye Union Casualty Co.* v. *Braden,* 116 Ohio App. 348, we will dismiss this appeal on questions of law and fact, and retain the same on questions of law only.

While we have no formal assignments of error filed in this matter, it is apparent that the major question involves the power of the Common Pleas Court to permanently enjoin the county officials from making such payments to The Ohio Bridge Corporation.

A bill of exceptions has been filed, and, although no specific assignments of error were filed by appellants, on the theory that this was an appeal on questions of law and fact, we will consider the errors asserted in the appellants' brief, which fall in two classes: (a) the power of the court to grant a permanent injunction under the facts; and (b) the scope of the decree.

Whatever we decide here, we feel that the remedy lies with the clarification of two groups of statutes by the Legislature upon which reasonable individuals can differ in their interpretation thereof. Here again, we wish the Legislature of the state of Ohio would provide House and Senate Journals in which the committee reports would state the reason for the adoption of bills, as do the United States Congress and many state legislatures, and thus simplify our task of interpreting conflicting legislation.

Essentially, this controversy is an administrative contest between the public competitive bidding requirements of Chapter 153, Revised Code, and the force account authority of Chapter 5543 of the Revised Code,

Briefly, the facts are that on January 7, 1963, the County Commissioners of Athens County authorized its county engineer to construct and reconstruct, etc., bridges by force account in 1963 according to Section 5543.19 of the Revised Code. Thereafter, the engineer issued a purchase order to The Ohio Bridge Corporation for a prefabricated bridge over Federal Creek for $44,428 and later one to repair Frost Bridge on County Road 58 for $16,128.

Chapter 153 of the Revised Code was not followed, so there was neither advertisement nor issuance to the lowest and best bidder. In addition, no certificates of the auditor as to the availability of funds were attached to either order as required by Section 5705.41 of the Revised Code.

As to the power of the trial court, appellants claim that the county engineer could proceed by force account under Section 5543.19, Revised Code, and did not have to conform to the provisions of Chapter 153 thereof. The trial court in its comprehensive opinion based its decree on *Buchanan Bridge Co.* v. *Campbell*, 60 Ohio St. 406. We agree as to its applicability and, without a reassertion of all facts and reasons, are of the conclusion that the contracts entered into were void and that the decree issued was properly within the discretion of the trial court.

Appellants assert that when sufficient money has been appropriated to cover a contract or purchase order, if the fiscal officer fails to attach a certificate of authority that funds are appropriated and available under Section 5705.41 of the Revised Code, the fiscal officer may furnish such certificate after the contract is completed. The evidence discloses that no such certificate of availability was attached to either purchase order. Thus, again, these contracts were void. See *State* v. *Kuhner & King*, 107 Ohio St. 406. No such action has transpired since from that official to denote a compliance with the statute in question.

Appellants assert laches and that appellee's failure to come into court with clean hands before enjoining payment precludes his obtaining an injunction. Our review indicates no lack of clean hands upon the part of appellee, but even if there were, the public interest is involved here. As to laches, a public agency and citizens' money is involved, and it is apparent that the trial court took these elements into consideration in writing its opinion.

Accordingly, we are of the opinion that the trial court did not abuse its discretion in issuing the injunction appealed from. These three assignments of error are overruled.

As to the scope of the judgment entry, appellant bridge corporation asserts as error that if the contracts in question are void, payment may be made to it upon a moral obligation. Under this theory, the county commissioners may adopt a resolution that there is a moral obligation to pay appellant The Ohio Bridge Corporation its claims on the two contracts. Since the record is devoid of any such action by the commissioners, we can not say, under the circumstances, that the trial court did abuse its discretion in the scope of the decree. As to the end result, the Ohio Legislature has adequate power to grant or provide means for relief of appellant bridge corporation.

In addition, it is asserted that if The Ohio Bridge Corporation is not paid for the materials furnished, then title thereto does not vest in the county and The Ohio Bridge Corporation may recover its property. This may well be, but it is not an issue within the scope of this appeal. In our opinion, these last two asserted errors are premature and are overruled.

What we have here is a continuing and costly power fight, recurrent in every county of this state, brought about by conflicting legislation, which those groups who benefit and those persons who administer have not attempted to clarify, for fear of losing individual advantage or power, by having the Legislature adopt one clear-cut method encompassing all situations in one chapter of the Revised Code to establish orderly policy and procedure to handle the public contracts involved. The Legislature is presently in session.

Accordingly, we find no prejudicial error in this case, and the judgment and decree of the Common Pleas Court of Athens County is affirmed. By doing so we welcome complete clarification by the Supreme Court as to (a) the questions involved and (b) an overruling or confirmation of our position in *Buckeye Union Casualty Co.* v. *Braden*, 116 Ohio App. 348, in which we held that Courts of Appeals do not have jurisdiction on questions of law and fact.

*Judgment affirmed.*

COLLIER, P. J., and CARLISLE, J., concur.